IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Criminal Action No. 5:17-cr-00025-001 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| JAMES DANIEL ARBAUGH | ) | United States District Judge |

**MEMORANDUM OPINION**

This matter is before the court on objections to the Presentence Investigation Report (PSR) filed by the United States and the defendant and upon the motion for a downward departure by the defendant pursuant to U.S.S.G. § 5K2.16 for voluntary disclosure. The parties presented evidence and argued the objections and the motion for departure at a sentencing hearing held June 13, 2018. The hearing was continued pending the court's ruling on these matters.

James Daniel Arbaugh, the defendant, pleaded guilty to a violation of 18 U.S.C. § 2423(c) and (e). He admitted that, in or about 2016 and as a U.S. citizen, he traveled to Haiti and engaged in illicit sexual conduct, as defined in 18 U.S.C. § 2423(f), with Minor Victim #1 (MV1). He admitted in his factual proffer that MV1 was under the age of twelve at the time. He told agents that MV1 was approximately five years old at the time defendant touched MV1's genitals with his fingers and maybe his mouth and that the touching was skin to skin. He also told agents that he had sexual contact with approximately 21 male minors between the years 2010 and 2017.

PSR Calculations

The PSR calculated the base offense level under U.S.S.G. § 2G1.3(a)(4) at 24. Pursuant to U.S.S.G. § 2G1.3(b)(4)(A), two levels were added for sexual contact. Because MV1 was

approximately five years old (so clearly under the age of twelve), eight levels were added pursuant to U.S.S.G. § 2G1.3(b)(5). Because undue influence was used with regard to a minor, pursuant to U.S.S.G. § 2G1.3(b)(2)(B), two levels were added. Finally, the PSR lists a role enhancement pursuant to U.S.S.G. § 3B1.3 of two levels because Arbaugh was a missionary on behalf of his church, was fluent in speaking the Haitians' language, was friends with MV1's father, and violated the public's trust by acting on behalf of the church. These calculations resulted in an adjusted offense level of 38.

The PSR applied U.S.S.G. § 2G1.3(d)(1) and separated Count One into 21 different groups as if each victim had been contained in a separate count of conviction (pseudo-counts). This resulted in an adjusted offense level of 38.[1] The level was then increased by five levels because there were more than five units for a combined adjusted offense level of 43.[2]

A Chapter Four enhancement for engaging in a pattern of activity (U.S.S.G. § 4B1.5(b)(1)) resulted in another five level increase, and three levels were subtracted for acceptance of responsibility (U.S.S.G. § 3E1.1). The total offense level was calculated to be 43 because anything over 43 is reduced to 43 pursuant to Chapter Five, Part A (comment n.2).

Applicability of Multiple Counts (Pseudo-Counts)

The PSR applied pseudo-counts pursuant to U.S.S.G. § 2G1.3(d), which applies "[i]f the offense involved more than one minor." In order to be applicable, then, his actions toward the other minors must constitute relevant conduct. Defendant objects to the use of multiple counts, or pseudo-counts, noting that Arbaugh's offense is not one for which § 3D1.2(d) requires grouping. It is not listed and does not fit within the offenses described in the subsection.

---

[1] Admittedly in error, the PSR noted an adjusted offense level of 40, but the Probation Office clarified that it should be 38.

[2] Correspondingly, the PSR used 45 which was in error.

2

Additionally, he argues that the offense involved different victims, in different timeframes, and the aggregate harm cannot be quantitatively measured. *See* § 3D1.2(d) cmt. 6. For this reason, the "same course of conduct or common scheme or plan" language regarding relevant conduct does not apply. U.S.S.G. § 1B1.3(a)(2). Furthermore, the other sexual contact did not occur a) during the offense of conviction; b) in preparation for that offense; or c) in the course of attempting to avoid detection or responsibility for that offense. Thus, the sexual contact with minors other than MV1 is not relevant conduct pursuant to U.S.S.G. § 1B1.3(a)(1)(A). At the hearing, the United States agreed with defendant.

Upon consultation with the Sentencing Commission, the Probation Office also agreed that the multiple counts should not be applied in this case. The court also agrees and will not apply multiple counts. This results in a reduction of five levels as there is now no increase for more than five units.

Vulnerable Victim Enhancement

The United States initially objected to the PSR's failure to include a vulnerable victim enhancement (plus two levels) pursuant to U.S.S.G. § 3A1.1(b)(1), but it conceded at the hearing that its earlier objection is untenable. It admits now that *United States v. Dowell*, 771 F.3d 162 (4th Cir. 2014), controls. In *Dowell*, the Fourth Circuit made clear that the vulnerable victim enhancement cannot apply if the factors relied upon are age-related factors, even if the court finds that an infant, toddler, or young child is more vulnerable than an older child who is under twelve. *Dowell*, 771 F.3d at 174. The Fourth Circuit did note that other conditions that make a younger child more vulnerable could support application of the enhancement, such as familial relationships, homelessness, and gaining the trust of a single mother. *Id*. at 174-75. It

3

appears, however, that the government does not argue factors other than age. Thus, the court will not apply the vulnerable victim enhancement.

Applicability of Cross Reference to U.S.S.G. § 2A3.1 in U.S.S.G. § 2G1.3

The parties disagree about the application of U.S.S.G. § 2G1.3, which contains a cross reference to U.S.S.G. § 2A3.1. Specifically, it states:

> If the offense involved conduct described in 18 U.S.C. § 2241 or § 2242, apply § 2A3.1 (Criminal Sexual Abuse; Attempt to Commit Criminal Sexual Abuse), if the resulting offense level is greater than that determined above. If the offense involved interstate travel with intent to engage in a sexual act with a minor who had not attained the age of 12 years, or knowingly engaging in a sexual act with a minor who had not attained the age of 12 years, §2A3.1 shall apply, regardless of the "consent" of the minor.

Defendant objects to the PSR's use of U.S.S.G. § 2G1.3 without using its cross reference to U.S.S.G. § 2A3.1, which he argues would result in a lesser offense level. The United States argues that the cross reference only applies if it would result in a higher offense level. Section 2G1.3 applies to the specific offense of conviction here - travel to engage in prohibited sexual conduct with a minor - with a base offense level of 24. Undue influence, sexual contact, and a minor under twelve would then add twelve levels for a total of 36.

If U.S.S.G. § 2A3.1 were to apply, as defendant suggests, then the offense level would be 34 (base level of 30 under (a)(2) with plus four for a victim under twelve under (b)(2)). The United States argues that the cross reference only applies if § 2A3.1 results in an offense level that is greater than determined under § 2G1.3. Because the offense level is 36, and would be 34 under § 2A3.1, the United States contends the cross reference is inapplicable. Arbaugh argues, though, that the second sentence of the cross reference stands alone, so it does not matter if the offense level in § 2A3.1 is greater or lesser – it still applies. Notably, the conduct described in 18 U.S.C. § 2241 is aggravated sexual abuse (a) by force or threat, (b) by other means, or (c) by

4

crossing a State line with intent to engage in a sexual act or knowingly engaging in a sexual act with another person who has not attained the age of twelve years. The conduct involved in 18 U.S.C. § 2242 is sexual abuse and includes engaging in a sexual act with a person incapable of appraising the nature of the conduct. So, the conduct set forth in §§ 2241 and 2242 includes, but is not limited to, conduct involving a person less than twelve years of age. Thus, it appears clear that the second sentence of the cross reference does not stand alone, but references the specific argument that could be made by a defendant that a person under twelve consented to the conduct. Moreover, it defies common sense to think that criminal conduct against a person under twelve years of age would be treated more leniently than against a person twelve years of age or older. The sentence does not stand alone. It is not in a separate subsection, and the subsection must be read as a whole. Thus, the cross reference does not apply.

Undue Influence

U.S.S.G. § 2G1.3(b)(2) provides for the offense level to be increased two levels if a participant otherwise unduly influenced a minor to engage in prohibited sexual conduct. The commentary notes that a rebuttable presumption of undue influence applies if the perpetrator is at least ten years older than the minor. Here, that presumption applies. Defendant has not rebutted the presumption. He argues against application of the enhancement because of double or triple counting with regard to age. The Fourth Circuit has clearly stated, however, that double counting is proper where not expressly prohibited by the guidelines. *United States v. Hampton*, 628 F.3d 654, 664 (4th Cir. 2010). Moreover, the enhancement looks not just at the age of the minor victim, but at the relative ages of the victim and the defendant and presumes with an age difference of at least ten years, undue influence is present.

Position of Trust

U.S.S.G. § 3B1.3 provides for an enhancement of two levels if the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense. The commentary defines public or private trust to be a position characterized by professional or managerial discretion. It notes as examples attorneys who hold funds and physicians with regard to their patients and distinguishes them from persons whose responsibilities are non-discretionary. Additionally, the position of trust "must have contributed in some significant way to facilitating the commission or concealment of the offense." Cmt. 1. The PSR also notes Arbaugh's ability to speak to the language fluently as a special skill.

The United States argues that Arbaugh's role as a missionary in Haiti, who was preaching the Christian faith, provided him with status and credibility, and ultimately trust. It further argues that Arbaugh understood and took advantage of this position. He told law enforcement officials, "I was there in the name of the church. Their parents trusted me, the church trusted me."

Arbaugh points out that one must look to the position of trust from the perspective of the victim. *United States v. Gordon*, 61 F.3d 263, 269 (4th Cir. 1995). He notes the lack of evidence that Arbaugh's role as a missionary contributed to facilitating the commission or concealment of the offense. He further argues that the Fourth Circuit requires more than a showing that the victim had confidence in the defendant or that trust was created by his personality, but requires a relationship similar to a fiduciary. *United States v. Caplinger*, 339 F.3d 226, 237 (4th Cir. 2003). He also takes issue with his ability to speak Haitian Creole as a special skill because it does not require substantial education or training.

6

The court will not apply the position of trust enhancement. Arbaugh's ability to speak the language is not a special skill contemplated by the enhancement. His role as a missionary is a closer call. Since MV1 was so young at the time, the perspective of the victim is not the appropriate perspective. Rather, the court looks to the perspective of MV1's parents. Arbaugh was friends with MV1's father. No doubt MV1's father, as a pastor and friend of Arbaugh, trusted Arbaugh, but there is no evidence that this trust existed because of any position of responsibility, or professional or managerial position (such as minister, teacher, or custodian of children), held by Arbaugh with regard to MV1 or his father. It is certainly likely that, at least in part, this trust and friendship came easier because of a shared Christian faith and Arbaugh's role as a missionary, but this is not sufficient to apply the enhancement. *See United States v. Caplinger*, 339 F.3d 226, 237 (4th Cir. 2003) (more than trust created by personality required). Moreover, there is no evidence that Arbaugh's position or responsibilities facilitated the commission or concealment of his crime. Cases that have applied the enhancement differ factually from this case. *See, e.g., United States v. Bollinger*, 798 F.3d 201 (4th Cir. 2015) (court mentions abuse of trust when ordained minister in Haiti molested young girls, but girls came to the religious center he operated, and it is unclear whether the enhancement was applied). *See also United States v. Dullum*, 560 F.3d 133 (3rd Cir. 2009) (enhancement applied where defendant was a teacher, advisor, and counselor through the church to two victims). While the court will not apply the position of trust enhancement, the court will certainly give consideration to these circumstances when considering the § 3553(a) factors in sentencing Arbaugh.

<u>Downward Departure Based on Voluntary Disclosure</u>

Arbaugh seeks a downward departure pursuant to U.S.S.G. § 5K2.16 contending that he voluntarily disclosed his molestation of minors to his counselor, whom he believed had a legal

7

obligation to report that conduct. He states that law enforcement knew only he had done something, but not what, until they spoke to him. He also notes that the Haitian missionary who observed "very disturbing" behavior by him, did not know if the other person was a minor, but only knew that children were around.

Section 5K2.16 permits a downward departure "[i]f the defendant voluntarily discloses to authorities the existence of, and accepts responsibility for, the offense prior to the discovery of such offense, and if such offense was unlikely to have been discovered otherwise …." Notably, the provision "does not apply where the motivating factor is the defendant's knowledge that discovery of the offense is likely or imminent …." U.S.S.G. § 5K2.16. The court will exercise its discretion not to depart given the facts of this case. The court finds, and the facts indicate, that Arbaugh did not voluntarily disclose the offense prior to its discovery and finds that it was likely to have been discovered otherwise.

At least one case has held that "authorities" means legal authorities. *United States v. Ekeland*, 174 F.3d 902, 905 (7th Cir. 1999). Clearly, Arbaugh did not report himself to law enforcement authorities. Even if "authorities" is defined more broadly than that, the evidence does not support application of the departure here. In this case, Arbaugh took action by meeting with a counselor and talking to church members. He did so only because a fellow missionary saw something very disturbing and called it to Arbaugh's attention. Arbaugh, however, did not know what the fellow missionary saw. She and her husband suggested that Arbaugh put his ministry on hold, seek counseling, and maybe go back to the United States. They also noted that he may have to address legal issues.

Arbaugh returned to the United States and began meeting with a counselor. He also slowly disclosed information to church members about his "sexual sin". The testimony from

church members indicates that Arbaugh, through a series of disclosures, eventually told them he had been involved with a sexual sin with minors. According to Arbaugh, despite meeting with a counselor beginning in mid July 2017, he only told the counselor about his interest in minors in September 2017 (one week before his first interview by law enforcement officials on September 15, 2017) because of pressure from his pastor. In his words, the church was the reason law enforcement was interviewing him because it pressured the counselor to report him. This bothered Arbaugh because he was trying to get help. He was not motivated by remorse or guilt to report himself. Rather, he thought it was enough that he was getting help.[3]

For these reasons, the court will deny the motion for downward departure pursuant to U.S.S.G. § 5K2.16.

The offense level calculation, given all of the above, is set forth in the court's order entered July 20, 2018.

The clerk is directed to send a copy of this opinion to the United States Attorney, United States Probation, and to counsel for the defendant.

Entered: July 23, 2018.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[3] It appears that neither the church nor the counselor was required to report Arbaugh to law enforcement. See Virginia Code §§ 54.1-2400.1 and 63.2-1509.]

9