IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action No. 5:17-cr-00025 |
| v. | ) | |
| | ) | By:  Elizabeth K. Dillon |
| JAMES DANIEL ARBAUGH | ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Defendant James Daniel Arbaugh, proceeding *pro se*, filed a motion for compassionate release due to COVID-19.  (Dkt. No. 105.)  Pursuant to Standing Order 2019-1, the court appointed the Federal Public Defender to represent Arbaugh (Dkt. No. 106), and then the court ordered the FPD to file a further supplement in support of the motion (Dkt. No. 107).  The FPD declined because, after reviewing Arbaugh's medical records, counsel did not believe she could add anything beyond the information already submitted to the court.  (Dkt. No. 109.)  The government responded (Dkt. No. 112), and Arbaugh filed a pro se reply brief (Dkt. No. 118).

For the reasons stated below, Arbaugh's motion will be denied.

I.  BACKGROUND

In February 2018, Arbaugh pleaded guilty to engaging in illicit sexual conduct in a foreign place, in violation of 18 U.S.C. § 2423(c).  Arbaugh traveled to Haiti to engage in sexual conduct with children.  Now 43 years old, Arbaugh had sexual contact with multiple children in Haiti beginning in his late 20's and early 30's.  He touched, masturbated, and engaged in oral sex with these children.  Some of the incidents occurred in defendant's truck when he was visiting remote villages while engaging in missionary activities.  Arbaugh estimated that he victimized less than 25 children, one of whom was five years old.

On July 23, 2018, Arbaugh was sentenced to 276 months incarceration and lifetime supervised release.  (Dkt. No. 64.)  Arbaugh appealed, and the Fourth Circuit Court of Appeals affirmed the term of incarceration but remanded for reconsideration of four computer-related special conditions of release.  (Dkt. Nos. 96, 97.)

In his motion, Arbaugh states that he suffers from chronic (moderate to severe) asthma and reactive airway disease (RAD).  (Dkt. No. 105.)  Arbaugh uses inhalers to prevent asthma attacks.  Arbaugh is housed at FCI Fort Dix in New Jersey, which he claims is the site of a significant COVID-19 outbreak.  In further support of his motion, Arbaugh notes his "impeccable prison conduct, post-conviction achievements and rehabilitation efforts."  (*Id.*)

## II.  ANALYSIS

### A.  Compassionate Release Under the First Step Act

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act and in pertinent part, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .

In addition to satisfying the above, the reduction must be "consistent with [the] applicable policy statement issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1).  However, "the

2

Commission has yet to issue a policy statement that applies to motions filed by defendants under the recently amended § 3582(c)(1)(A)." *United States v. Burnell*, 837 F. App'x. 223, 224 (4th Cir. 2021) (quoting *United States v. McCoy*, 981 F.3d 271, 280–83 (4th Cir. 2020)).  Therefore, a court may "consider *any* extraordinary and compelling reason for release that a defendant might raise." *Id.*

"A defendant seeking compassionate release has the burden of establishing that such relief is warranted." *United States v. Ferguson,* No. 515CR00018KDBDSC1, 2020 WL 5300874, at *2 (W.D.N.C. Sept. 4, 2020).  Compassionate release is "an extraordinary and rare event." *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019).  Rehabilitation, standing alone, "shall not be considered an extraordinary and compelling reason" for a sentence modification.  28 U.S.C. § 994(t).

**B.  Exhaustion**

As noted above, while the First Step Act changed § 3582(c)(1)(A) to allow a prisoner to bring a motion on his or her own behalf, the statute still includes an exhaustion requirement. More than thirty days have passed since Arbaugh made a request for a sentence reduction at his BOP facility on May 22, 2020, and the government does not contest exhaustion.   Therefore, the court finds that Arbaugh has exhausted his administrative remedies.  *See, e.g.*, *United States v. Allen*, Criminal No. RDB-14-0411, 2020 WL 3868999, at *2 (D. Md. July 9, 2020) (finding exhaustion requirement satisfied where thirty days have expired since submission of administrative request).

**C.  Extraordinary and Compelling Reasons**

"In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized

susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *United States v. Harper*, Criminal Action No. 7:18-cr-00025, 2020 WL 2046381, at *3 (W.D. Va. Apr. 28, 2020).  Arbaugh argues that his asthma and RAD make him particularly susceptible to COVID-19.  Asthma is categorized by the CDC as a condition that *might* cause an increased risk for severe illness from the virus.  *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited 12/28/2020). Moreover, Arbaugh's asthma is "well controlled with albuterol," which he uses only "once or twice a year."  (Dkt. No. 105-1 at 6.)  As documented in Arbaugh's presentence report (PSR), Arbaugh has stated that he was diagnosed with asthma as a child, but "eventually outgrew it for the most part."  (PSR ¶ 157, Dkt. No. 56.)  Therefore, the court finds that Arbaugh is not particularly susceptible to an adverse outcome from COVID-19, and there are no extraordinary and compelling reasons to justify early release.

**D.  Section 3553(a) Factors**

The relevant § 3553(a) factors include the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.  The court considers these factors holistically, and no one factor is dispositive.  *United States v. Kibble*, No. 20-7009, 2021 WL 1216543, at *4 (4th Cir. April 1, 2021).

4

Even if the court found that extraordinary and compelling reasons existed in this case, the court would nonetheless exercise its discretion under the § 3553(a) factors to deny the motion. Arbaugh committed serious crimes and received an appropriately lengthy sentence of 276 months (23 years).  Having served only a small fraction of that sentence, reducing Arbaugh's to time served would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment.  Continued incarceration is also necessary to protect the public from further crimes by Arbaugh, who admitted to molesting children for over a decade before being caught.

### III.  CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that Arbaugh's motion for compassionate release (Dkt. No. 105) is DENIED.

The Clerk is directed to send a copy of this memorandum opinion and order to counsel and to Arbaugh.

Entered: April 23, 2021.

/s/ Elizabeth K. Dillon

Elizabeth K. Dillon
United States District Judge