IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action No. 5:17-cr-00025 |
| v. | ) | |
| | ) | By:  Elizabeth K. Dillon |
| JAMES DANIEL ARBAUGH | ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

By memorandum opinion and order entered November 6, 2023, the court denied defendant James Daniel Arbaugh's 28 U.S.C. § 2255 motion and denied him a certificate of appealability.  (Dkt. Nos. 158, 159.)  Arbaugh appealed (Dkt. No. 160), and two days later, he filed a motion for reconsideration.  (Dkt. No. 162.)  The court directed the United States to respond, and the United States has filed a response in opposition.  (Dkt. No. 167.)  Arbaugh filed a reply (Dkt. No. 168), which the court also has considered.

For the reasons set forth herein, Arbaugh's motion for reconsideration will be denied.

## I.  BACKGROUND

The court incorporates by reference the background information in it prior memorandum opinion.  (Mem. Op. 1–4, Dkt. No. 158.)  As relevant here, Arbaugh was convicted of violating 18 U.S.C. §§ 2423(c) and 2423(e), by "knowingly travel[ing] in foreign commerce, from the United States to Haiti, and engag[ing] in illicit sexual conduct with . . .  Minor Victim 1" and an attempt of the same.  The offense conduct came to light after Arbaugh returned to the United States seeking treatment for his sexual behavior.  His counselor later reported to authorities multiple sexual contacts with minor children, all in Haiti.  Arbaugh was interviewed by agents of the Department of Homeland Security, and he was ultimately arrested and charged with the

offense of conviction.  He pled guilty and was sentenced.  An appeal resulted in a partial remand for a limited resentencing.  He did not appeal from that resentencing.

The court addressed numerous arguments in its initial opinion on Arbaugh's § 2255 motion, but his motion to reconsider faults the court for failing to properly interpret, and thus failing to address, Ground 4 in his motion.  The opinion described Ground 4 as a constitutional challenge to the charging statute.  (Mem. Op. 21.)  Arbaugh explains:

> Ground 4 does not challenge the charging statute, rather it challenges the procedural due process violated by not obtaining jurisdiction from Haiti to prosecute.  Because of this, the United States, and this Court, lacks jurisdiction.

(Mot. Recons. 2.)[1]  He relies on a number of cases, including *Schooner Exchange v. McFaddon*, 11 U.S. (7 Cranch) 116, 136 (1812), and *Wilson v. Girard*, 354 U.S. 524 (1957), for the proposition that "a sovereign nation, like Haiti, has exclusive jurisdiction to punish offenses against its laws committed within its borders, unless it surrenders it."  (Mot. Recons. 2.)  He also points to his prior supplemental memorandum, where Arbaugh stated that the United States had "fraudulently concealed [its] investigation and usurped Haiti's jurisdiction to prosecute."  (*Id.* at 3.)  He goes on to cite other portions of his supplemental memorandum setting forth this argument.  (*Id.* at 3–5 (citing Dkt. No. 152 at 22, 26–27).)

The United States dismisses Arbaugh's arguments as without foundation, argues that "the court considered all of the valid arguments before it and arrived at the correct conclusion," and insists that the United States had jurisdiction to prosecute him.  (Opp'n 4, Dkt. No. 167.)  Thus,

---

[1] As the court explained in its prior opinion, Arbaugh's claims, including Ground 4, were procedurally defaulted because he failed to raise them on appeal.  To excuse his procedural default, he would have to demonstrate cause for the default and "actual prejudice" from his claim not being reviewed.  An attorney's failure to raise a claim can establish cause, but the court concluded that Arbaugh's claims, including Ground 4, lacked merit, and thus, his counsel was not ineffective for failing to raise them and Arbaugh suffered no prejudice.

the United States maintains that there has been no clear error of law or manifest injustice, and requests that the motion for reconsideration be denied.  (*Id.*)

Arbaugh's reply elaborates on the same basic arguments raised in his motion to reconsider and discusses in more detail the cases he cited therein.

## II.  DISCUSSION

### A.  Grounds for Reconsideration

The United States interprets Arbaugh's motion as being brought pursuant to Federal Rule of Civil Procedure 59(e), as does the court.  Rule 59(e) allows a court to alter or amend a judgment if the movant shows "(1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice."  *Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 407 (4th Cir. 2010).  Arbaugh argues that the court should grant reconsideration to prevent "manifest injustice," which can include where the court has "patently misunderstood a party . . . or has made an error not of reasoning but of apprehension."  *Sanders v. Wal-Mart Stores E.*, No. 1:14-CV-03509-JMC, 2016 WL 6068021, at *3 (D.S.C. Oct. 17, 2016) (citation omitted).

To the extent that the court failed to "apprehend[d]" or otherwise understand Arbaugh's argument in Ground 4 of his § 2255 petition, the court will address that ground anew herein.  But the court nonetheless concludes that Arbaugh is not entitled to relief.  Thus, this opinion and order effectively supplement the court's prior ruling.  The court stands by its earlier conclusion, however, that Arbaugh is not entitled to relief under 28 U.S.C. § 2255.

### B.  The United States Had Jurisdiction to Prosecute Arbaugh's Crime

As the United States notes, "Congress has the authority to enforce its laws beyond the territorial boundaries of the United States."  *E.E.O.C. v. Arabian Am. Oil Co.*, 499 U.S. 244, 248

(1991).  Arbaugh argues, though, that Haiti has "exclusive" jurisdiction to prosecute crimes committed within its territory.  And he contends that Haiti was never consulted and never agreed to consent to U.S. jurisdiction over his conduct.  He faults the United States for failing to identify any source of the supposedly required "consent" from Haiti.  And he argues that in the absence of such consent, the United States had no jurisdiction to prosecute.

The cases Arbaugh relies upon to argue that Haiti had "exclusive jurisdiction" over his conduct are easily distinguishable.  First, in *Wilson v. Girard*, a U.S. soldier was accused by Japan of committing a homicide in Japanese territory.  354 U.S. 524, 525–26 (1957).  The Army intended to give the soldier to Japanese authorities for pretrial detention, but he objected.  The Supreme Court, interpreting a security agreement between the United States and Japan, allowed the U.S. to hand the soldier over to Japan.  The court noted that Japan had surrendered the prerogative to *require* such custody, but the countries' agreement also permitted the United States to cede back to Japan the authority to prosecute a service member in a particular instance, and the United States had chosen to do so.  *Id.* at 527–29.  Nothing in that case suggested that Japan had exclusive jurisdiction to prosecute that crime—committed by a U.S. citizen—only that the United States could allow such prosecution, pursuant to the security agreement.  *Munaf v. Green*, 553 U.S. 674, 679 (2008), also cited by Arbaugh, held similarly.  There, the court reasoned that the United States military could decide to relinquish custody over two U.S. citizens, who allegedly committed crimes in Iraq, and give custody of them to Iraq.  Here, Haiti is not requesting transfer of Arbaugh to its custody, nor is the United States consenting to that.  These two cases do not change the result of Arbaugh's § 2255 motion.

*The Schooner Exch. v. McFaddon*, 11 U.S. (7 Cranch) 116, 136 (1812), does not support Arbaugh's argument, either.  That case involved whether a war ship from a foreign nation, who

was at peace with the United States, subjected itself to the process of United States courts by entering into a U.S. port. *Id.* at 136 ("This case involves the very delicate and important inquiry, whether an American citizen can assert, in an American court, a title to an armed national vessel, found within the waters of the United States."). The court considered analogous circumstances, ultimately concluding that "national ships of war" entering the port of a friendly power, otherwise open for their reception, do not consent to the jurisdiction of the friendly power's courts. *Id.* at 145–46. Although some of the language in the case is broad, it is simply inapplicable here. Further, the reasoning of the case makes clear that it was limited to circumstances before it. *See id.* at 147.

The court also has considered each of the other cases cited in Arbaugh's supplemental § 2255 motion. To be sure, some of these cases contain general statements about the "exclusive" territorial jurisdiction of a sovereign nation. But those cases also must be viewed on their facts and in the context in which they arose. So viewed, the court easily finds them distinguishable, as well. In *United States v. Morton*, 314 F. Supp. 2d 509 (D. Md. 2004), for example, the court dismissed criminal charges based on conduct that had been committed while the civilian defendant was in Germany, because the statute under which he had been indicted required that he have committed the conduct under the "special maritime and territorial jurisdiction of the United States." *Id.* at 511. Because the location where the illegal conduct had occurred was not under the territorial jurisdiction of the United States, the court held that the Government had failed to prove the court's jurisdiction over the case. *Id.* at 515. Here, by contrast, Arbaugh's statute of conviction does not require that he have committed his conduct within the special territorial jurisdiction of the United States.

Arbaugh relies on language from both *Morton* and *Wilson* saying that "[a] sovereign nation has exclusive jurisdiction to punish offenses against its laws committed within its borders, unless it expressly or impliedly consents to surrender its jurisdiction."  *E.g.*, *Morton*, 314 F. Supp. 2d at 512.  But in the very next sentence, the *Morton* court also explains that a nation "may also proscribe certain conduct beyond its borders, including inter alia, the activities . . . of its nationals outside as well as within its territory."[2]  *Id.* (citing *Arabian Am. Oil. Co.*, 499 U.S. 244) (other citations omitted).

Both *Kinsella v. Krueger*, 351 U.S. 470 (1956), and *Reid v. Covert*, 354 U.S. 1 (1957)— issued upon a rehearing of *Kinsella* and after its consolidation with another case—addressed the question of whether civilian dependents accompanying a servicemember abroad could be tried in military courts or were instead entitled to a civilian trial.  They have no bearing on the circumstances here.

In short, none of the cases cited by Arbaugh support the propositions for which he cites them, and none entitle him to relief.

## III.  CONCLUSION AND ORDER

For the reasons set forth above, it is hereby ORDERED that Arbaugh's motion for reconsideration (Dkt. No. 162) is DENIED.  As to Ground 4, moreover, the court finds that Arbaugh has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c), and so a certificate of appealability is DENIED.

---

[2] The *Morton* court recognized, moreover, that "Congress . . . unquestionably has within its powers to criminalize sexual abuse of a minor U.S. citizen by another U.S. citizen, regardless of where it may occur."  314 F. Supp. 2d at 512.  The question before the *Morton* court, though, was whether Congress in fact exercised that power "with regard to the criminal statutes involved in the present case . . . and whether those statutes provide jurisdiction based upon the facts of the case."  *Id.*

The clerk shall provide copies of this memorandum opinion and order to all counsel of record and to Mr. Arbaugh.

Entered: January 5, 2024.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge